\*\*Original filed 8/8/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTH EGAN POWELSON,<br><br>  Petitioner,<br>vs.<br><br>WILLIAM SULLIVAN, Warden,<br><br>  Respondent. | No. C 02-2147 JF (PR)<br><br>ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD AND GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION AS UNTIMELY<br><br>(Docket nos. 30, 32) |

Petitioner, a state prisoner, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The Court initially dismissed the petition with leave to amend because some of the claims presented failed to allege any violation of Petitioner's federal constitutional rights and thus were not cognizable under § 2254. Petitioner filed an amended petition, which the Court directed Respondent to answer. In lieu of an answer Respondent filed a motion to dismiss the petition as untimely. See Rules Governing 28 U.S.C. § 2254 Cases, Rule 4. Petitioner has opposed the motion, Respondent has filed a reply, and Petitioner has filed a sur-reply and a motion to expand the record. Because the Court finds the petition is untimely, Respondent's motion is GRANTED and the petition is dismissed.

**BACKGROUND**

The following procedural history is undisputed. On February 23, 1998 Petitioner

---

[1] When Petitioner filed his petition he was incarcerated. In a letter dated January 1, 2006 he informed the Court that he has been released from custody.

Order Granting Respondent's Motion to Dismiss Petition as Untimely
P:\pro-se\sj.jf\hc.02\Powelson2147.GrantMTD.ECK

pleaded guilty in Humboldt County Superior Court to one count of second degree robbery.  He also admitted a prior strike conviction under California Penal Code sections 667(d), (e) and 1170.12(b), (e) for a 1997 robbery conviction obtained in Los Angeles County Superior Court.  The state court sentenced petitioner to ten years in state prison.

Petitioner appealed the judgment and filed a habeas corpus petition in the California Court of Appeal.  The appellate court consolidated the two and in an order dated February 24, 1999 affirmed the judgment and denied the petition.  The remittitur issued on April 27, 1999.  Petitioner did not petition for review to the California Supreme Court.

On December 1, 2000 Petitioner filed a habeas corpus petition in Humboldt County Superior Court.  It was denied on May 2, 2001.  On June 4, 2001 he filed a habeas corpus petition in the California Court of Appeal.  It was denied on June 21, 2001.  On September 18, 2001 petitioner filed a petition for review in the California Supreme Court.  It was denied on March 27, 2002.

Petitioner also filed a second round of state habeas corpus petitions, starting with a habeas corpus petition filed in the California Court of Appeal on September 4, 2001.  That petition was denied on September 14, 2001.  On April 23, 2002 petitioner filed a habeas corpus petition in the California Supreme Court.  It was denied on September 18, 2002.

Petitioner filed his federal habeas corpus petition on May 5, 2002 and filed a first amended petition on September 10, 2004.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which: (A) the judgment became final after the conclusion of direct

review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

A.   Finality of Judgment

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).  In California, if a petitioner could have sought discretionary review of a decision by the California Court of Appeal in the California Supreme Court but did not do so, the judgment becomes final forty days after the Court of Appeal filed its opinion.  See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).  The federal statute of limitations begins to run the day after the date on which the time to seek such review expired.  See id.

Here, Petitioner did not file a petition for review in the California Supreme Court after the California Court of Appeal denied his consolidated direct appeal and habeas corpus petition on February 23, 1999.  Accordingly, the judgment became final forty days later – on April 5, 1999 – and the federal statute of limitations started to run the next day – on April 6, 1999.  Thus, Petitioner was required to file his federal habeas corpus petition by April 6, 2000.  Because he did not file his petition until May 5, 2002, it is untimely unless he is entitled to statutory or equitable tolling, or to the delayed commencement of the statute of limitations.

B.   Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition filed before AEDPA's statute of limitations begins to run tolls the limitation period. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001). However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez, 276 F.3d at 482 (same). Section 2244(d)(2) cannot "revive" the limitation period once it has run (that is, restart the clock to zero); it can only serve to pause a clock that has not yet fully run "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because Petitioner did not file a habeas petition in the state courts until after the statutory period for filing a federal petition had expired, Petitioner is not entitled to statutory tolling for the time during which he sought state collateral review.[2]

C.    Delayed Commencement of the Statute

Petitioner argues that commencement of the statute of limitations should be delayed until October 5, 2000 because that is the date on which he first reviewed his prison files and found an original abstract of judgment from a conviction he obtained in Los Angeles County Superior Court in 1997. This document supported his previously raised claim on appeal that the prior serious felony conviction for robbery did not include the use of a weapon and therefore his sentence should be modified. Here, he contends that "suppression" of the abstract of judgment impeded his defense and his right to the

---

[2] Petitioner argues that his petition should not be found untimely because the state courts which denied his collateral petitions for habeas corpus relief did not dismiss those petitions as untimely. However, whether the state petitions were or were not untimely under state procedural rules has no effect on when the federal statute of limitations began to run. Because Petitioner did not file any of his state habeas corpus petitions until after the federal statute of limitations had expired none of those petitions can serve to toll the statute of limitations.

effective assistance of counsel, and deterred his appellate counsel from raising the claim in post-conviction proceedings.[3]

Under § 2244(d)(1)(D), commencement of the one-year limitation period can be delayed to start on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).  Section 2244(d)(1)(D) accordingly allows the limitation period to start running at a later date "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner." Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted).  Courts should be careful not to confuse a petitioner's knowledge of the factual predicate of his claims with the time permitted for gathering evidence in support of the claims: "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim[s]." Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998).  See, e.g., United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

The Court finds that Petitioner is not entitled to delayed commencement of the statute of limitations because he knew of the factual predicate of his claim as early as his sentencing hearing on the present offense, and he did not act with the requisite due

---

[3]Petitioner's motion to expand the record to include exhibits in support of his claim is GRANTED.  (Docket no. 32.)

1  diligence to develop and pursue the claim.  The record shows that on December 2, 1997
2  Petitioner was convicted in Los Angeles County Superior Court of two counts of second
3  degree robbery (Cal. Penal Code § 211).  At Petitioner's January 8, 1998 plea colloquy in
4  the present case in Humboldt County Superior Court he pleaded guilty to the underlying
5  robbery charge and admitted that he had previously been convicted of one of the Los
6  Angeles County Superior Court convictions, described as a "serious or violent felony, to
7  wit, robbery."  Resp. Ex. 1 at 1.  At the February 23, 1998 sentencing hearing the court
8  relied upon a presentence report which stated that Petitioner's prior conviction was for
9  robbery with possession of a firearm.  Petitioner's attorney objected to this depiction,
10 stating that Petitioner "indicates to me that he was not in possession of a firearm on any
11 of the previous matters."  Resp Ex. 2 at 16.  The court did not expressly address the
12 objection and, upon weighing the mitigating and aggravating factors pertinent to the
13 underlying offense, sentenced Petitioner to five years and then doubled the sentence
14 because of the prior conviction.  Id. at 19.

15      On appeal Petitioner challenged the sentence, relying in part on the argument that
16 the portion of the presentence report stating that his prior conviction included possession
17 of a firearm was without factual basis.  The court of appeal rejected this argument
18 because Petitioner had not instituted procedures – for example, called witnesses or
19 presented documentary evidence – to establish the claimed unreliability of the
20 information.  It held that Petitioner could not merely deny the report's accuracy, and that
21 other than the denial by his attorney he had offered no evidence to refute the presentence
22 report's information regarding his prior robberies and firearm possession.  Resp. Ex. 4 at
23 3.

24      The record clearly shows that the factual basis of Petitioner's claim was known to
25 him well before October 2005.  In fact, he raised the issue of the discrepancy between the
26 circumstances of his prior conviction and the information relied upon by the trial court
27 both at his sentencing hearing and on appeal.  Although he did not come across physical
28

evidence which supported his claim until he looked at his prison file in October 2005, this is a matter of gathering evidentiary support and not one of discovering the factual predicate for a claim.  See Flanagan, 154 F.3d at 198-99.  Moreover, the fact that he did not make efforts to obtain solid evidence to support his claim until more than two years after he was sentenced and more than one year after the court of appeal expressly told him that such proof was required reflects a lack of due diligence.  This is not a case where the prior conviction occurred years before or in another state, rather, it was obtained less than three months before Petitioner was sentenced in the present case.  Thus, records or declarations from counsel or other witnesses to address the noted discrepancy likely would have been readily available.

Because the factual predicate of Petitioner's claim was known to him even before the statute of limitations began to run, he is not entitled to delayed commencement of the limitations period.

D.   Equitable Tolling

In his opposition to Respondent's motion to dismiss Petitioner claims that the failure of his trial and appellate attorneys to tell him about the federal statute of limitations amounts to the ineffective assistance of counsel, which is cause to excuse the untimeliness of his petition.  The Court liberally construes this argument as one that Petitioner is entitled to equitable tolling of the statute of limitations.

The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997).  But equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (citation and internal quotation marks omitted).  A litigant seeking equitable tolling of the AEDPA statute of limitations bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

1  extraordinary circumstance stood in his way.  See Mendoza v. Carey, 449 F.3d 1065,
2  1068 (9th Cir. 2006) (citation omitted); see also Miranda v. Castro, 292 F.3d 1063, 1065
3  (9th Cir. 2002) (the petitioner bears the burden of showing that this "extraordinary
4  exclusion" should apply to him).  The threshold necessary to trigger equitable tolling
5  under the AEDPA is very high; this high bar is necessary to effectuate the AEDPA's
6  statutory purpose of encouraging prompt filings in federal court in order to protect the
7  federal system from being forced to hear stale claims.  Mendoza, 449 F.3d at 1068
8  (citations omitted).  Equitable tolling determinations are highly fact-dependent.  Id.
9  (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)).

10  Petitioner argues that he is entitled to equitable tolling because he received
11  constitutionally ineffective assistance from trial and appellate counsel who did not advise
12  him about procedural issues pertinent to filing his federal habeas corpus petition.  His
13  argument is unpersuasive.

14  Petitioner had no legal right to counsel for his federal habeas petition.  "[T]he right
15  to appointed counsel extends to the first appeal of right, and no further."  Pennsylvania v.
16  Finley, 481 U.S. 551, 555 (1987).  The Sixth Amendment's right to counsel does not
17  apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.),
18  cert. denied, 479 U.S. 867 (1986).  Where no constitutional right to counsel exists, there
19  can be no constitutional claim for ineffective assistance.  See Coleman v. Thompson, 501
20  U.S. 722, 757 (1991).  Because Petitioner had no right to assistance of counsel in his
21  federal habeas proceedings, it follows that there could not have been constitutionally
22  deficient assistance of counsel.  See Bonin v. Calderon, 77 F.3d 1155, 1159-60 (9th Cir.
23  1996) (claim of ineffective assistance of counsel in state habeas proceedings does not
24  present violation of Sixth Amendment right to counsel or Fourteenth Amendment right to
25  due process where no constitutional right to counsel in such proceedings).  Moreover,
26  Petitioner has alleged no facts from which it can be inferred that either of his attorneys
27  agreed to assist him with preparing and/or filing his federal habeas corpus petition.  Cf.
28

Order Granting Respondent's Motion to Dismiss Petition as Untimely
P:\pro-se\sj.jf\hc.02\Powelson2147.GrantMTD.ECK
8

1  Spitsyn v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate
2  where attorney was retained to file and prepare petition, failed to do so, and disregarded
3  requests to return files pertaining to petitioner's case until well after the date the petition
4  was due).
5     For these reasons, Petitioner is not entitled to equitable tolling of the statute of
6  limitations.

## CONCLUSION

8     For the reasons discussed above, Petitioner's motion to expand the record is
9  GRANTED (docket no. 32), and Respondent's motion to dismiss the petition as untimely
10 is GRANTED (docket no. 30).  The Clerk shall close the file and enter judgment in this
11 matter.
12    This order terminates docket numbers 30 and 32.
13    IT IS SO ORDERED.
14 DATED: 8/8/06

/s/_____
JEREMY FOGEL
United States District Judge

This is to certify that on  8/8/06                          , a copy of this ruling was mailed to the following:

Garth Egan Powelson
17240 Boswell Place
Granada Hills, CA 91344

Nancy Hsiao-Hui Tung
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Order Granting Respondent's Motion to Dismiss Petition as Untimely
P:\pro-se\sj.jf\hc.02\Powelson2147.GrantMTD.ECK